Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00263-CR

Andrew **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 11, Bexar County, Texas
Trial Court No. 934031
Honorable Olin Strauss, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:   April 15, 2009

AFFIRMED

Andrew Perez was found guilty of racing on a highway. On appeal, he claims the evidence is legally and factually insufficient to sustain his conviction. We find the evidence sufficient and affirm the trial court's judgment.

**STANDARD OF REVIEW**

In a legal sufficiency review, we view the evidence in the light most favorable to the verdict and then determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App. 2005). In a factual sufficiency review, we view all the evidence in a neutral light and will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met. *Id.* at 730-31.

**THE EVIDENCE**

Perez was charged with participating in a race on a highway. "Race" means the use of one or more vehicles in an attempt to outgain or outdistance another vehicle or prevent another vehicle from passing. TEX. TRANSP. CODE ANN. § 545.420(b)(2)(A) (Vernon Supp. 2008).

The only witness at trial was Officer Nathan Sandoval, the officer who apprehended and arrested Perez. Officer Sandoval testified that on August 8, 2005, he was returning to his substation at the end of his day. As he merged onto the southbound lanes of I-35, he immediately noticed two vehicles speeding excessively, "to the point to where they were making other vehicles seem as though they were standing still."  The two vehicles were traveling southbound, one in front of the other in the far left lane, or the passing lane. Officer Sandoval began to follow the vehicles. Refreshing his memory with the offense report he completed on August 8, 2005, Officer Sandoval stated that the front vehicle was a Pontiac van, driven by Perez. He did not remember what color it was. According to Officer Sandoval, the second vehicle was a small four-door Ford Focus. The van was in front of the Focus, and both vehicles were traveling at an excessive rate of speed. Both

vehicles continued to maintain a close distance to each other. As Officer Sandoval accelerated his patrol vehicle to one hundred miles an hour, he noted that the two vehicles also maintained that amount of speed. Although Officer Sandoval did not have radar equipment, he was able to pace the vehicles to verify the speed at ninety-five to one hundred miles an hour. Specifically, he testified that he paced the second vehicle, the Focus. Again, referring to his report, Officer Sandoval testified there was a medium amount of traffic at the time. According to Officer Sandoval, it did not appear that the two vehicles were unrelated to each other, due to their close proximity as they were traveling at that speed. He observed that the two vehicles "were apparently racing each other at the time."

Officer Sandoval concluded the two vehicles were apparently racing because they were both going at a high rate of speed and maintaining a very close proximity to each other. Although he did not include it in his report, Officer Sandoval remembered that the two vehicles separated for a brief period of time and then came back together. That is, the two vehicles split for a very short period of time, one going into the other lane, and then coming back together, one behind the other. They appeared to want to outdistance or outgain one another, positioning themselves, one in front of the other, as they continued forward. Officer Sandoval defined "close proximity" as about one or two car lengths or forty or fifty feet.

Officer Sandoval paced the vehicles for about a half a mile to three quarters of a mile before activating his emergency lights and stopping both vehicles. He immediately placed Perez, the driver of the van, under arrest for racing and reckless driving. In Officer Sandoval's opinion, based on his training and experience, Perez was racing by outgaining and outdistancing the other vehicle.

**DISCUSSION**

In support of his legal insufficiency argument, Perez argues that the evidence only showed Perez was driving and perhaps speeding in the "fast lane" designated for passing. He further points out that the vehicles were not cutting across lanes of traffic and that the officer only observed them for about a half mile. Additionally, Perez focuses on the officer's memory, emphasizing that the officer had to refer to his report to give a description of Perez's vehicle and to identify which driver he came into contact with first. Furthermore, Perez emphasizes that the officer could not remember the color of Perez's vehicle.

To support his factual sufficiency argument, Perez again criticizes the officer for having to refer to his offense report in order to testify. Perez notes that the officer only paced the Focus and not his vehicle. He also argues the identity of his vehicle is in question because the officer could not testify to the color of the vehicle. Perez further contends the officer observed the vehicles for too short of a period of time for him to determine the drivers were committing an offense.

We hold the evidence is both legally and factually sufficient to support the jury's verdict. Firstly, viewing the evidence in the light most favorable to the verdict, we note that Officer Sandoval testified that Perez, driving a Pontiac van, and another vehicle were traveling at approximately one hundred miles per hour, one behind the other, and maintaining close proximity to one another. Based on his experience and his observations, he concluded the two vehicles were trying to outdistance or outgain one another; that is, they were racing. Based on this evidence, the jury could have found the essential elements of the offense of racing on a highway. Therefore, the evidence is legally sufficient.

Secondly, viewing the evidence in a neutral light, we note that, as Perez points out, Officer Sandoval did need to use his report to refresh his memory in testifying to the events surrounding

Perez's apprehension and arrest. However, the rules of evidence allow a witness to use a writing to refresh memory for the purpose of testifying. *See* TEX. R. EVID. 612. And, although Officer Sandoval was unable to testify to the color of Perez's vehicle and only observed the two vehicles for one half to three quarters of a mile, Perez is essentially attacking the jury's credibility determination of Officer Sandoval's testimony. And the jury, not the appellate court, is the exclusive judge of the witness's credibility. *See Johnson v. State*, 23 S.W.3d 1, 8-9 (Tex. Crim. App. 2000). Viewing all the evidence in a neutral light, we hold that the jury was rationally justified in finding guilt beyond a reasonable doubt. Therefore, the evidence is factually sufficient.

We affirm the trial court's judgment.


Karen Angelini, Justice


Do not publish